IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| CENTER CITY HEALTHCARE, LLC | : | Bankruptcy Case No. 19-11466 (MFW) |
| DELAWARE BSA, LLC, | : | |
| | : | |
| Debtors. | : | |
| | : | |
| _____ | : | |
| | : | |
| BROAD STREET HEALTHCARE | : | |
| PROPERTIES LLC, *et al.*, | : | |
| | : | |
| Appellants, | : | |
| | : | |
| v. | : | C.A. No. 21-1779-RGA |
| | : | Bankr. BAP No. 21-87 |
| CENTER CITY HEALTHCARE, LLC, *et al.*, | : | |
| | : | |
| Appellees. | : | |
| _____ | : | |

### **RECOMMENDATION**

At Wilmington this **27th** day of **January, 2022**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, the court conducted an initial review, which included information from counsel,[1] to determine the appropriateness of mediation in this matter in this Court;

WHEREAS, as a result of the above screening process, mediation at this stage would not be a productive exercise, a worthwhile use of judicial resources nor warrant

---

[1] Written information was provided by counsel for the parties which is not made part of the court record because it relates to mediation.

the expense of the process.

On October 29, 2021, Broad Street Health Care Properties, LLC, Broad Street Healthcare Properties II, LLC, Broad Streat Healthcare Properties, III, LLC and Philadelphia Heath Holdings (collectively the Appellants) filed the Motion of the Broad Street Entities and PAHH for Entry of an Order (1) determining that the automatic stay does not apply to their assets or, in the alternative, granting limited relief from the automatic stay for them to sell, transfer or otherwise encumber such assets (the Comfort/Lift Stay Motion) in the United States Bankruptcy Court for the District of Delaware.

The Comfort/Lift Stay Motion was opposed by each of Tenent Business Services and Conifer Revenue Cycle Solutions (collectively Tenent), HSRE-PAHH I, LLC and its affiliates (collectively HSRE), the above-captioned Debtors (Debtors) and the Official Committee of Unsecured Creditors (Creditors).

After an evidentiary hearing in the Bankruptcy Court on the Comfort/Lift Stay Motion on December 1, 2021, the Bankruptcy Court issued its Order denying that motion of Appellants on December 6, 2021.

On December 20, 2021, Appellants filed with the Bankruptcy Court a Notice of Appeal and on December 29, 2021, this appeal was assigned to the Honorable Richard G. Andrews.

Certain issues raised by the Comfort/Lift Stay motion and the various oppositions thereto and this appeal are closely related with various claims, disputes and differences among the parties that are currently the subject of mediation.  Appellants and certain related parties, the MBNF Non-Debtor Parties, the Debtors, the Committee and HSRE

are engaged in mediation before the Honorable Kevin J. Carey (ret.) pursuant to orders of the Bankruptcy Court dated February 23, 2021 and July 28, 2021. Further, certain of the MBNF Non-Debtor parties and Tenent are engaged in mediation before the Honorable Joseph J. Farnan (ret.). By agreement of all parties, the Mediators are working cooperatively together and with the parties with the goal to achieve a global resolution of all claims and issues among the parties, including this appeal.

Although Appellants filed their Notice of Appal to preserve their rights, all parties are committed to continuing with Mediation. The parties request that they be permitted to continue with Mediation and no briefing schedule be set for this appeal until the Mediators determine that Mediation has concluded without a settlement.

THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a) Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), this matter be withdrawn from the mandatory referral for mediation, allow the ongoing Mediation proceed to conclusion and, if Mediation is unsuccessful, proceed through the appellate process of this Court. The parties were advised of their right to file objections to this Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(a) and D. Del. LR 72.1.

Local counsel are obligated to inform out-of-state counsel of this Order.

/s/ Mary Pat Thynge
Chief U.S. Magistrate Judge Mary Pat Thynge